UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HOSEA BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV00473 AGF |
| | ) | |
| BJC HEALTH SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Plaintiff Hosea Baldwin, who is proceeding pro se, to compel responses to his First Request to Produce and First Set of Interrogatories directed to Defendant BJC Health System.  For the reasons set forth below, the motion to compel will be denied without prejudice to refiling after the parties engage in a good faith attempt to resolve their differences.

Although Plaintiff asserts that he has conferred with Defendant regarding the documents he seeks, he has not included the date, time, place and participants in such a conference, as required for compliance with Local Rule 37-3.04 which requires that the parties confer and attempt to resolve all discovery disputes before filing a motion to compel. Defendant asserts that no such conference occurred.

Plaintiff further contends that Defendant has failed to act in good faith.  The record, however, indicates that Defendant timely complied with Plaintiff's discovery requests and produced 181 documents in response.  Plaintiff makes only a general assertion that Defendant has failed to properly respond to his requests and that all of the information he seeks is relevant.  Plaintiff does not specifically indicate, however, why Defendant's

responses are inadequate or what additional documents or information he seeks.  The absence

of such specificity alone warrants denial of the motion.  *Forest v. Barnes Jewish Hosp.*, No.

4:07CV258-DJS, 2008 WL 957681, *2, (E. D. Mo. Apr. 7, 2008) (holding that "[a]

plaintiff's motion to compel a discovery request must be particularly stated so that the

defendant can make a meaningful response to that request, and so that the Court's time is not

unnecessarily consumed").

In light of Plaintiff's failure to comply with Local Rule 37-3.04, and to describe with

particularity why Defendant's responses to his discovery requests are lacking, the Court will

deny Plaintiff's motion without prejudice to refiling and require the parties to confer in

accordance with Local Rule 37-3.04.  Further, such conference must be held either in person

or by telephone; an exchange of correspondence or e-mails will not suffice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Doc. No. 37) is

**DENIED without prejudice** to refiling in the event that the parties are unable to resolve this

dispute.

**IT IS FURTHER ORDERED** that not later than **January 24, 2013**, the parties shall

confer in good faith, in person or by telephone, to resolve their dispute regarding Defendant's

responses to Plaintiff's First Request to Produce and First Set of Interrogatories.


_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January 14, 2014.